UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CHRISTINA PAPPAS, ET AL.                CIVIL ACTION

VERSUS                                          NO: 23-70

LIBERTY MUTUAL FIRE                SECTION: "A" (4)
INSURANCE CO., ET AL.

## ORDER AND REASONS

The following motions are before the Court: **Motion in Limine to Exclude Untimely Disclosed Expert Report (Rec. Doc. 36)** and **Motion in Limine to Exclude Donald Kotter (Rec. Doc. 50)**, both filed by Liberty Personal Insurance Company. The plaintiffs, Christina Pappas and Nicholas Pappas, Jr., M.D., oppose the motions. The motions, submitted for consideration on April 24, 2024, are before the Court on the briefs without oral argument.[1]

The Pappases filed suit against Liberty seeking recovery of insurance benefits for

---

[1] Liberty currently has three motions pending before the assigned magistrate judge in addition to the two motions in limine sub judice before this Court, and a motion for summary judgment that the Court recently continued over Liberty's objection to May 22, 2024. The Court will await the plaintiffs' opposition before ruling on the motion for summary judgment but the Court has reviewed Liberty's motion for summary judgment and the Court finds itself unmoved by the contentions upon which Liberty is moving for judgment as a matter of law. It is undisputed that the plaintiffs cannot recover in this lawsuit for damage that pre-existed Hurricane Ida, and in particular any damage that was sustained in Hurricane Katrina (and settled as part of that claim). The plaintiffs have the burden of proving coverage. The Court is convinced that the jury will have to decide whether the plaintiffs have proven causation vis à vis Hurricane Ida, and if appropriate based on the evidence presented at trial, whether the policy's concealment or fraud provisions have been violated. The Court simply will not take those fact-intensive issues from the jury.

damage sustained to their property during Hurricane Ida. The Pappases have substantial coverage limits on their property policies with Liberty. Liberty paid nothing on the Ida claim after determining that the actual cash value of the repairs did not exceed the $38,030 hurricane deductible. As noted in footnote 1 above, Liberty now takes the position that the Pappases have engaged in fraudulent conduct with respect to their Ida claim, thereby voiding coverage altogether.

In its first of two motions in limine, Liberty seeks to exclude testimony from Dr. Pappas's treating neurologist, Enrique Segura, M.D. It is the Court's understanding that Dr. Segura intends to testify that undue stress has increased the progression of Dr. Pappas's Parkinson's disease, and that the source of the injurious stress is more likely than not Liberty's handling of the Pappases' Hurricane Ida claim. Liberty complains that the disclosure as to Dr. Segura was untimely and prejudicial because Liberty has not been able to retain an appropriate expert in response to Dr. Segura's anticipated testimony. In fact, as of the date that Liberty filed its motion in limine (March 28, 2024) the plaintiffs had not executed the medical authorization forms necessary for Liberty to obtain Dr. Pappas's medical records.[2]

In response, the plaintiffs point out that Dr. Segura, who was not retained as an expert but rather was one of Dr. Pappas's treating physicians, was disclosed on the

---

[2] In their opposition the plaintiffs advise that they provided the executed authorizations for Dr. Segura's records on April 1, 2024. But as of April 24, 2024, the plaintiffs themselves did not have Dr. Segura's medical records relating to his treatment of Dr. Pappas. The Court gives no weight to the plaintiffs' contention that Liberty could have noticed Dr. Segura's deposition but simply chose not to do so. Liberty is certainly entitled to have the medical records and an opportunity to have its expert review those records <u>before</u> deposing Dr. Segura.

plaintiffs' witness list filed on March 25, 2024 (Rec. Doc. 31), which was timely under the Court's Scheduling Order (Rec. Doc. 10). The plaintiffs also contend that during the Streamlined Settlement Program mediation they disclosed to Liberty's counsel that their settlement demand included a claim that Dr. Pappas's Parkinson's disease had been exacerbated by stress due to Liberty's handling of the Ida insurance claim.

The Court DENIES the motion in limine as to Dr. Segura but Liberty will not be prejudiced in defending the medical claim. Liberty will be allowed to retain its own expert to rebut Dr. Segura's opinions, and Dr. Segura must submit to an IME if Liberty wants one. Also, Liberty is entitled to obtain and review Dr. Segura's medical records for Dr. Pappas before making those decisions, and before deposing him. If the Court has to continue the trial date in order to cure any prejudice to Liberty, then it will do so.

In its second of two motions in limine, Liberty seeks for a litany of reasons to exclude testimony from Donald Kotter, Sr., an adjuster/estimator who produced an expert report for the plaintiffs on February 23, 2024. (Rec. Doc. 50-5). The Court does not find Liberty's challenge to Donald Kotter's qualifications to be persuasive; in fact, Kotter's qualifications are impressive and qualify him to opine on the areas covered in his report.

But Donald Kotter's report is heavy on conclusions and light on explanations or support for those conclusions. The plaintiffs contend that Kotter's report is no different than Liberty's expert reports, and this may or may not be the case, but the plaintiffs have the burden of proving coverage. Liberty is disputing whether the claimed damages were sustained during Hurricane Ida, and yet Kotter states only that the damage to the

Pappases's property is consistent with the weather conditions during Hurricane Ida, and that any items listed on his estimate that are not on Liberty's are also attributable to Ida—he explains no further. The plaintiffs seem to be operating under the erroneous assumption that the deficiencies in Kotter's narrative can simply be handled during his deposition. Kotter is a retained expert who was required to produce a report—which he did.[3] As an expert in this case, the Court will not allow Kotter to testify beyond the four corners of his expert report. Liberty is not required to depose Kotter in order to flesh out his opinions, which is something that should have been done in his report. And Kotter will not be allowed to expound upon or explain his conclusions at trial beyond what he included in his report—which is surfacy at best.[4]

Furthermore, it should not have taken a narrative by the plaintiffs' counsel in the opposition memorandum to clear up the confusion (which the Court experienced too) as to who Jim Kotter was in relation to Donald Kotter. The non-narrative yet detailed repair estimates submitted by the plaintiffs indicated that they were prepared by a Jim Kotter, who is employed not by Donald Kotter's company but by TAG Homes, Inc., the same company that employs the plaintiffs' other contractor expert, Thomas A. Gennusa, III.[5]

---

[3] On their witness list the Pappases list Donald Kotter as a expert and fact witness but the Court cannot discern how Donald Kotter could possibly qualify as a fact witness.

[4] To be clear, Liberty's experts will be held to the same restriction insofar as they will not be allowed to testify beyond the four corners of their reports. If Liberty's own expert reports suffer from the same deficiencies as Donald Kotter's, which the plaintiffs suggest is the case, then the Court would strongly urge the parties to reach a consensus as to their respective experts.

[5] Jim Kotter has been listed on the plaintiffs' witness list as a fact witness, which is a curious designation considering that he works for the contracting company that the plaintiffs

According to the opposition, the Kotters (who again work for different companies) are business partners. Jim Kotter's estimates formed the basis for Donald Kotter's report—or so the Court understands—yet Don Kotter's name should have been listed on the estimates and it was in error that Jim Kotter's name was the one listed. (Rec. Doc. 59, Opposition at 2). In their opposition memorandum the plaintiffs step through a tortuous explanation in an attempt to establish that both of the Kotters actually inspected the plaintiffs' property.

Liberty points out that Donald Kotter's testimony is actually duplicative of that of the testimony of their retained engineer (Jared Bordelon) and their general contractor (Thomas Gennusa of TAG) which is another reason that Donald Kotter can be excluded without prejudicing the plaintiffs' case. The plaintiffs do not deny the overlap in their experts' testimony but rather posit that they may simply have Gennusa testify as to some items while having Donald Kotter testify as to others. Then if the testimony is proving cumulative the Court can simply instruct the plaintiffs to move along.

The Court is inclined to side with Liberty insofar as the motion in limine challenging Donald Kotter is concerned. At the very least, the Court does agree with Liberty's contention that Kotter's single and unexplained statement that Liberty's insurance "adjusting practices did not meet industry standards in this instance," (Rec. Doc. 50-5 at 3), is wholly unsupported and conclusory. Kotter will not be allowed to testify as to Liberty's claims handling practices on the Pappas claim because he did not

---

hired to serve as an expert. The plaintiffs cannot avoid their reporting obligations under Rule 26 by simply characterizing a witness as a "fact" witness.

adequately address this issue in his expert report.

In sum, rather than simply exclude Donald Kotter as Liberty requests, the Court will allow the plaintiffs to decide whether they want to keep Donald Kotter as their expert (whose testimony will be limited to the four corners of his report and who will not be allowed to testify as to Liberty's claims handling) and forego one of their other two experts who intend to testify as to the same areas as Donald Kotter, or whether they will withdraw Donald Kotter from their witness list and proceed with their other experts. Counsel for the plaintiffs must advise Liberty of the decision by **5:00 p.m. on May 8, 2024**.

Accordingly;

**IT IS ORDERED** that the **Motion in Limine to Exclude Untimely Disclosed Expert Report (Rec. Doc. 36)** filed by Liberty Personal Insurance Company is **DENIED**.

**IT IS FURTHER ORDERED** that the **Motion in Limine to Exclude Donald Kotter (Rec. Doc. 50)** filed by Liberty Personal Insurance Company is **GRANTED IN PART AND DENIED IN PART** as explained above.

May 2, 2024

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE